1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN M. DUNN, ) | |
| 　　　　　　　　　Plaintiff(s), ) | Case No. 2:18-cv-00186-JAD-NJK |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | |
| OLEN RESIDENTIAL REALTY CORP., et al., ) | |
| 　　　　　　　　　Defendant(s). ) | |

11

12

13

14

15

16    Concurrently herewith, the Court is issuing an order granting Plaintiff's application to proceed *in*

17 *forma pauperis*.  Upon granting an application to proceed *in forma pauperis*, courts additionally screen the

18 complaint pursuant to § 1915(e).  Federal courts are given the authority to dismiss a case if the action is

19 legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary

20 relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses

21 a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to

22 curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be

23 cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

24    Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for

25 failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling

26 on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly

27 pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled

28 to relief.  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule

8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679.   Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

In this case, Plaintiff sued a residential company and its private counsel in relation to alleged misconduct in relation to summary judgment filings in a different court proceeding.  *See* Docket No. 1-1 at 3-8.  Although not entirely clear, it appears the underlying civil lawsuit was in state court.  *See* Docket No. 1-1 at 1 (alleging misconduct occurred in the Eighth Judicial District Court).  Plaintiff attempts to bring claims under 42 U.S.C. § 1983 for alleged constitutional violations committed by these non-governmental parties.  *See id.* at 1, 4-6.  The United States Constitution itself does not create a federal cause of action; instead, suits alleging the violation of constitutional rights must be brought pursuant to § 1983. *E.g., Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992).  To bring such a claim, the plaintiff must allege that a defendant was acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *Id.* (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).   That is not the scenario presented by Plaintiff's allegations.   To the contrary, his claims are premised on the conduct of his non-governmental litigation opponents in a civil dispute.   Accordingly, Plaintiff's § 1983 claims fail as a matter of law.

1    Providing leave to amend is not warranted in this case.  It is clear on the face of the complaint that

2    Defendants were Plaintiff's civil litigation opponents and did not act under color of law, so Plaintiff will

3    not be able to state a claim under § 1983.[1]

4    For the reasons outlined above, the undersigned **RECOMMENDS** that Plaintiff's complaint be

5    **DISMISSED** without leave to amend.

6    Dated: April 11, 2018

7

8    _____
     NANCY J. KOPPE
9    UNITED STATES MAGISTRATE JUDGE

10   **NOTICE**

11   Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing

12   and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts

13   of appeal may determine that an appeal has been waived due to the failure to file objections within the

14   specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file

15   objections within the specified time and (2) failure to properly address and brief the objectionable issues

16   waives the right to appeal the District Court's order and/or appeal factual issues from the order of the

17   District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*,

18   708 F.2d 452, 454 (9th Cir. 1983).

19

20

21

22   [1] For the reasons stated herein, it is clear that Plaintiff cannot state a federal cause of action.  It is also
     highly unlikely that Plaintiff could plead a state law claim.  A party generally challenges the submissions
23   and determinations made in a civil case in Nevada state court by filing an appeal or seeking reconsideration,
     *see, e.g.*, Nev. R. App. P. 4; Nev. R. Civ. P. 60(b), not by initiating a new lawsuit.  At any rate, even were
24   Plaintiff to plead some viable state law claim, no basis has been shown that this Court would have subject
     matter jurisdiction over any such claim.  To the contrary, the attorney that Plaintiff identifies in the
25   complaint is Chet Glover, Docket No. 1-1 at 2, and the Nevada state bar records indicate that he has been
26   an attorney licensed to practice law in Nevada since 2006 and has an office in Nevada, *see White v. Martel*,
     601 F.3d 882, 885 (9th Cir. 2010) (taking judicial notice of state bar records is proper); *see also Lew v.*
27   *Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (citizenship for diversity jurisdiction purposes is determined based
28   on a number of factors, including "place of employment").

3